UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA :
:
v. : Criminal No. 3:04CR00032
:
JEFFREY ALLEN PATCH :

PLEA AGREEMENT

I, JEFFREY ALLEN PATCH, and my counsel, Frederick T. Heblich, Jr., Esquire, have entered into a plea agreement with the United States of America, by counsel, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

1. CHARGES IN THE INDICTMENT AND PUNISHMENT

I have been charged with two counts in Indictment No. 3:04CR00032.

Count One charges me with using a facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce or attempt to persuade, induce, entice, or coerce a minor to engage in sexual activity for which any person can be charged with a criminal offense, namely, Va. Stat. § 18.2-361 in violation of Title 18, United States Code, Section 2422(b). The maximum statutory penalty for this charge is a fine of $250,000 and 30 years imprisonment, and a period of supervised release. There is a mandatory minimum sentence of five years imprisonment for this charge.

Count Two charges me with transporting child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(b)(1). The maximum statutory penalty for this charge is a fine of $250,000 and 20 years imprisonment, and a period of supervised release. There is a mandatory minimum sentence of five years imprisonment for this charge.

I further understand that my supervised release may be revoked if I violate its terms and conditions. If my supervised release is revoked, the original term of imprisonment may be increased. I understand that a violation of supervised release increases the possible period of incarceration.

*Defendant's Initials:* JAP

## 2. CHARGE TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS

I will enter a plea of guilty to a Superseding Information charging me in Count One with using a facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce or attempt to persuade, induce, entice, or coerce a minor to engage in sexual activity for which any person can be charged with a criminal offense, namely, Va. Stat. § 18.2-371 in violation of Title 18, United States Code, Section 2422(b). The maximum statutory penalty for this charge is a fine of $250,000 and 30 years imprisonment, and a period of supervised release. There is a mandatory minimum sentence of five years imprisonment for this charge. I will also plead guilty to Count Two of the Information which is a forfeiture count involving computer equipment, a web camera, and storage media that I possessed. In addition, my assets may be subject to forfeiture. I understand that fees may be imposed to pay for incarceration or supervised release and that there will be a $100 special assessment for this one felony count of conviction.

My attorney, Frederick T. Heblich, Jr., Esquire, has informed me of the nature of this charge and the elements of this charge which must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I acknowledge that I have had all of my rights explained to me and I expressly recognize that I have the following constitutional rights and, that by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

    a. The right to plead not guilty and persist in that plea.
    b. The right to a speedy and public jury trial.
    c. The right to assistance of counsel at that trial and in any subsequent appeal.
    d. The right to remain silent at trial.
    e. The right to testify at trial.
    f. The right to confront and cross-examine government witnesses.
    g. The right to present evidence and witnesses in my own behalf.
    h. The right to compulsory process of the court.
    i. The right to be presumed innocent.
    j. The right to a unanimous guilty verdict.
    k. The right to appeal a guilty verdict.

I understand that I am pleading guilty to an Information, which is a charge brought by the United States Attorney as opposed to one returned by a Grand Jury. I am also waiving and giving up my right to have a Grand Jury vote on my probable guilt before I could be charged by Indictment.

I am pleading guilty as described above because I am in fact guilty and because it is in my best interest to do so and not because of any threats or promises. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be.

It is understood that the matter of sentencing is within the sole discretion of the Court. I understand that the Sentencing Guidelines are not binding on the Court, but that the Court is required to consider the Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining the appropriate sentence in my case. I have discussed sentencing issues with my attorney and realize that there is a substantial likelihood that I will be incarcerated. I understand that I will not be eligible for parole during any term of imprisonment imposed.

3. <u>DISMISSAL OF INDICTMENT</u>

In exchange for my pleas of guilty to Count One of the Superseding Information, the United States will move to dismiss the Indictment. I stipulate that the United States had probable cause to bring all the counts in the Indictment which are being dismissed under this agreement, that these charges were not frivolous, vexatious or in bad faith, and that I am not a "prevailing party" with regard the these charges. I further waive any claim for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

4. <u>ACCEPTANCE OF RESPONSIBILITY</u>

If, in fact, I accept responsibility for my actions, testify truthfully if called upon to do so, acknowledge factual guilt before the Court at the time of my guilty plea and sentencing, and fulfill the conditions of this plea agreement, I understand that the United States, through its attorney, will recommend that the Court grant me a two (2) level reduction in my offense level for acceptance of responsibility under Guideline Section 3E1.1(a). I must clearly demonstrate acceptance of responsibility for my criminal offenses. Because I meet the listed criteria, the United States agrees that I should be granted an additional one (1) level reduction pursuant to Guideline Section 3E1.1(b) if my offense level is 16 or greater.

I understand that any attempt to deny that I committed the crimes to which I have agreed to plead guilty, any attempt to withdraw my guilty plea, the commission of any new crimes, or any

*Defendant's Initials:* JNT

3

other breach of this Agreement, including my failure to pay my mandatory special assessment, will nullify the United States agreement that I should receive credit for acceptance of responsibility.

5. MANDATORY ASSESSMENT

I understand that persons convicted of crimes are required to pay a mandatory assessment of $100.00 per felony count of conviction. I agree that I will submit a check or money order for the total amount of the assessment in my case to the United States Attorney's Office upon my acceptance of this plea agreement and upon returning to them a signed copy of this plea agreement. I will make the check or money order payable to Clerk, United States District Court for the total amount of $100. The United States Attorney's Office may, at its option, withdraw from this plea agreement unless and until this payment is made. Further, I understand and agree that if I fail to pay the special assessment on, or prior to, the date of my sentencing, I will not have demonstrated minimal acceptance of responsibility and should not be granted any reduction in my offense level under the Sentencing Guidelines for acceptance of responsibility.

6. DUTY TO PROVIDE FINANCIAL STATEMENT

I understand that in this case there is a possibility that substantial fines and/or restitution may be imposed. In order to assist the United States as to any recommendation in that matter and in order to assist the United States in any necessary collection of those sums, I agree to fully and truthfully submit a complete financial statement revealing all of my assets and liabilities to the United States on a form provided by the United States.

Within 30 days of the date of this Plea Agreement I agree to provide a complete financial statement to the United States Attorney's office detailing all income, expenditures, assets, liabilities, gifts and conveyances by myself, my spouse and my dependent children and any corporation, partnership or other business entity in which I hold or have held an interest, for the period starting on January 1st of the year prior to the year I enter my guilty plea. This financial statement shall be submitted in a form acceptable to the United States Attorney's office.

From the time of the signing of this agreement, I agree not to convey any thing of value to any person without the authorization of the United States Attorney's Office. I understand that a

Defendant's Initials: _____   4

deliberate false statement as to these matters would be a felony under federal law, in violation of Title 18, United States Code, Section 1001 and Section 401, and could constitute a breach of the agreement by me and could render this Agreement null and void, regardless of any cooperation or assistance that I may have previously provided. Any dispute as to the truthfulness of my disclosure of assets may be subjected to a polygraph examination conducted by a qualified law enforcement examiner, selected by the United States. I understand that failure of such polygraph examination, without adequate explanation, could render this agreement null and void.

7. **WAIVER OF RIGHT TO APPEAL SENTENCE AND TO COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT; AND INFORMATION ACCESS WAIVER**

I agree to waive knowingly, voluntarily, and expressly:

A. the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. I understand that the United States expressly reserves its right to appeal any sentence the Court imposes below the applicable sentencing guideline range, or, in the case of a Motion for Substantial Assistance or a Motion pursuant to U.S.S.G. Section 5K1.1, Title 18, United States Code, Section 3553(e), or a Motion for Reduction of Sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, any sentence below the United States' recommended sentence; and

B. all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

8. **FORFEITURE, OFFICIAL USE, OR DESTRUCTION OF CONTRABAND**

I consent to the administrative forfeiture, official use and/or destruction of any illegal firearms or illegal contraband seized by any law enforcement agency from my possession of from my direct or indirect control. I will execute any documents necessary

*Defendant's Initials:* JAV

5

to comply with this provision of this agreement.

9.  WAIVER OF STATUTE OF LIMITATIONS

If, for any reason, this Plea Agreement is withdrawn or otherwise not consummated by the entry of the convictions and sentences provided for under this Plea Agreement or if this Agreement is set aside by any court, I hereby waive my right to raise the defense of the statute of limitations as to any charges reinstated before the Court which were brought in the original Indictment against me but dismissed as a result of this Plea Agreement.

10.  FORFEITURE

I am aware that the United States has seized or restrained various items of personal property as part of this criminal action. As part of this plea agreement, I agree to the following:

   a.  I agree to forfeit any right, title, and interest I may have in the following assets, as these assets are properties that were used or intended to be used to commit or promote the commission of my offenses or that constitute child pornography:

   1.  All material containing child pornography;

   ii. Any computer equipment that was used by me to order, view, send, receive, store, or download any child pornography and any computer that was used by me to entice a minor to engage in sexual activity (including the computers and web camera that are referenced in my Superseding Information);

   iii. Any software, computer storage devices, or other materials containing child pornography, obscene material, or any such visual depictions, or used to order such material, or used to entice a minor to engage in sexual activity, or used to store communications with any such minor, including but not limited to computer disks and CD-ROMS.

   b.  I agree to cooperate fully in the forfeiture of this property. I agree not to file any claims in any administrative forfeiture proceeding relating to assets seized as part of this investigation and not otherwise named herein. I agree to execute all documents, stipulations, consent judgments, court orders, bills of sale, deeds, affidavits of title, and the like, which are reasonably necessary to pass clear title to the United

*Defendant's Initials:* JAP

6

States or otherwise effectuate forfeiture of the property. I further agree to fully cooperate and testify truthfully on behalf of the United States in any legal action necessary to perfect the United States' interest, including but not limited to any ancillary hearing in this criminal action or in any civil litigation.

   c.   I further agree to assist in identifying, locating, returning, and forfeiting all forfeitable assets, including the known assets of other persons, and agree to submit to a polygraph examination, at the option of the government, regarding the truthfulness of the asset disclosures.

   d.   I understand and agree that forfeiture of this property is proportionate to the degree and nature of the offense committed by me, and does not raise any of the concerns raised in United States v. Austin, 113 S.Ct. 2801 (1993). To the extent that such concerns are raised, I freely and knowingly waive any and all right I may have to raise a defense of "excessive fines" under the Eighth Amendment to this forfeiture. I further understand and agree that this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any penalty that may be imposed by the court.

   e.   I hereby release and forever discharge the United States, its officers, agents, servants and employees, its heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which I ever had, now have, or may have in the future in connection with the seizure, detention and forfeiture of the described assets.

   f.   I further agree to hold and save the United States, its servants, employees, heirs, successors, or assigns harmless from claims, including costs and expenses for or on account of any and all lawsuits inclusive of torts and Bivens, or claims of any character whatsoever, in connection with the seizure and detention of the described assets.

   g.   I understand that a breach of any of the provisions of this section is a material breach of the plea agreement. In the event of such breach, the United States may elect to pursue one or more of the remedies set forth in paragraph 18.

11.   PROPOSED SUPERVISED RELEASE SPECIAL CONDITIONS

The United States will recommend and I agree to recommend that the Court impose a term of supervised release to include the following special conditions, in addition to the standard

conditions of supervised release: (1) that I not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer; this includes prohibiting me from having any contact with any child by telephone or the internet. I shall immediately report any unauthorized contact with minor-aged children to the Probation Officer (I understand that the Probation Officer may authorize different arrangements with my own children); (2) that I allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that I possess or have access to, including any internal or external peripherals (in the event that the Court does not prohibit me from any and all access to computers and computer devices during my supervised release). This may require temporary removal of the equipment for a more thorough inspection. I shall not possess or use any data encryption technique or program. I shall purchase and use such hardware and software systems that monitor my computer usage, if directed by the Probation Officer; (3) that I register as a sex offender, according to the laws of each state in which I resides, am employed, or am attending school. I shall provide verification of compliance with this requirement to the Probation Officer; (4) that I complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, plethysmography testing, and completion of the ABEL assessment, at the direction of the Probation Officer; and (5) that I participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. I shall allow reciprocal release of information between the Probation Officer and the treatment provider. I shall contribute to the cost of treatment according to my ability.

12. COMPLETION OF PROSECUTION

I understand that except as provided for in this plea agreement, there will be no further prosecution of me in the Western District of Virginia for any matters about which the United States has specific knowledge gained from the investigation that gave rise to the charges contained in this Indictment.

13. LIMITATION OF AGREEMENT

This agreement is limited to the Western Judicial District of Virginia and does not bind other federal judicial districts, nor does it bind any state or local authorities.

*Defendant's Initials:* JMP    8

14. REMEDIES FOR BREACH OF PLEA AGREEMENT

I understand that if I breach any provision of this agreement, at any time, including any attempt to withdraw my guilty plea, the United States Attorney's office may, at its election, pursue any or all of the following remedies: (a) declare this plea agreement void and proceed to trial; (b) refuse to recommend that I be credited with acceptance of responsibility; (c) seek an upward departure from the guidelines range, or seek imposition of a sentence at the high end of the guidelines range; (d) terminate my opportunity to perform substantial assistance, if such opportunity has been provided, or refuse to make a substantial assistance motion, regardless of whether substantial assistance has been performed or not; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any other sentencing or other stipulations contained in this plea agreement; (g) use this plea agreement, any statement I have made during any guilty plea hearing (including my admission of guilt), any proffer session, or during my attempt to provide substantial assistance, against me in this or any other proceeding; and (h) take any other action provided for under this agreement or by statute, regulation or court rule. I knowingly waive any right I may have under the Constitution, any statute, rule or other source of law to have any statement, or evidence derived from such statement, suppressed or excluded from going into evidence. The remedies set forth above are cumulative, and not mutually exclusive.

15. EFFECTIVE REPRESENTATION

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am satisfied with my attorney and his advice. I understand that I have the right to make known to the Court, at any time, any dissatisfaction I may have with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation. I hereby waive any claim I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing.

16. GENERAL UNDERSTANDINGS

I understand that the Court is not bound by any recommendations or stipulations contained in this Agreement, and may sentence me up to the maximum provided by law.

I understand that if the sentence is more severe than I

Defendant's Initials: _____  9

expected, I will have no right to withdraw my guilty plea.

I understand that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. I understand that any calculation regarding the guidelines by the United States Attorney's Office or by my attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by the United States Attorney's Office regarding the effect of the guidelines on my case.

I understand that the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and will in all likelihood recommend that I receive a substantial sentence.

I understand that the United States retains the right, notwithstanding any provision in this plea agreement, to inform the probation office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I understand that the United States will object to any downward departure from the sentencing guidelines, absent the filing of a motion permitting downward departure under Sentencing Guideline Section 5K1.1, Title 18, United States Code, Section 3553(e) and/or Federal Rules of Criminal Procedure 35(b).

I willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within the charging document to which I am pleading guilty.

I understand that this agreement does not apply to any crimes that I may commit hereafter, including perjury. I understand that if I should testify falsely in this or in a related proceeding that I may be prosecuted for perjury and that statements that I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. I understand that my attorney will be free to argue any mitigating factors in my behalf and will be

free to propose any alternatives to incarceration available under the sentencing guidelines. I understand that I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete Plea Agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This Plea Agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

I have consulted with my attorney and fully understand all my rights with respect to the offenses charged in the pending indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: 9/16/05

Jeffrey Allen Patch
Defendant

I represent Jeffrey Allen Patch. I have fully explained to my client all rights available to my client with respect to the offenses charged in the pending indictment. Further, I have reviewed the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter

*Defendant's Initials:* JAP    11

into this agreement is an informed and voluntary one and it is a decision with which I agree.

Date: 9/16/05          _____
                       Frederick T. Heblich, Jr.
                       Counsel for Defendant

Acknowledged:

Date: 9/16/05          _____
                       Nancy S. Healey
                       Assistant U.S. Attorney
                       Virginia Bar No. 39447

Date: 9/16/05          _____
                       Myesha K. Braden
                       U.S. Department of Justice
                       Criminal Division
                       Child Exploitation and
                           Obscenity Section

*Defendant's Initials:* _____          12