PROB 12B
(7/93)

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 2 0 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# United States District Court

## for the

## Western District of Virginia

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49 Waiver of Hearing is Attached)*

Name of Offender: Jeffrey Allen Patch         Case Number: 3:04CR00032-001

Name of Sentencing Judicial Officer: Honorable Norman K. Moon, Senior U.S. District Judge

Date of Original Sentence: December 19, 2005

Original Offense: Coercion and Enticement of a Minor

Original Sentence: 60 months imprisonment, life term of supervised release

Type of Supervision: Supervised Release         Date Supervision Commenced: May 14, 2010

## PETITIONING THE COURT

[ ]   To extend the term of supervision for   years, for a total of   years.
[X]   To modify the conditions of supervision as follows:

1. The defendant shall not contact or communicate, directly or indirectly, with persons less than 18 years of age ("minors"). This includes communication by any means, including verbal, written, telephonic, electronic or other communications. The prohibition against communication with minors is intentionally wide-ranging, encompassing the transmission of any information, whether by audio, video, digital or other means. It includes, but is not limited to, any communications via the Internet, cellular phone, any cellular phone or computer application, text message, social media, social networking website, blog, peer to peer file sharing network or other method. This provision does not encompass minors working as waiters, cashiers, ticket vendors, and similar service positions with whom the defendant must deal in order to obtain ordinary and usual commercial services.

2. However, the defendant is authorized contact with minors 1) who are relatives of the defendant; 2) who have familial relationships with relatives of the defendant; or 3) who have been identified and approved by the U.S. Probation Officer. The contact may occur only in the presence of another adult and with the prior approval of the probation officer. In

considering approval of such contact, the probation officer should make an individualized inquiry and a particularized showing of need for the condition.

3. The defendant shall not use any computer, cellular telephone, Internet-capable device, GPS device or other device to contact a minor, gather information about a minor, or locate a minor.

4. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with minors without prior approval of the probation officer. The defendant may not engage in an activity that involves being in a position of trust or authority over a minor.

5. The defendant shall submit to polygraph or any other court approved testing to monitor the defendant's compliance while on supervision.

6. The defendant shall submit to an evaluation/risk assessment by a qualified mental health professional approved by the probation officer, who is experienced in the treatment of sexual offenders. The evaluation may include psychological and physiological testing (i.e. plethysmograph exams). The defendant shall take all medications reasonably related to his or her condition; complete all treatment recommendations, which may include physiological testing (i.e. polygraph exams), and abide by all rules, requirements, and conditions imposed by the treatment provider until discharged from treatment by the provider.

7. In cases involving a defendant who has used a computer, cellular device or the Internet in connection with a sex offense, the defendant may not purchase, possess, or use any computer as defined in 18 U.S.C. § 1030(e)(1), cellular telephone, or other Internet-capable device without the prior approval of the court, upon consultation with the probation officer. In cases where approval is granted by the court, use of such devices shall be conditioned on defendant's compliance with the Computer Monitoring Program authorizing the probation office to identify, monitor, access and seize any such devices under the defendant's control.

8. In cases involving a defendant who has not used a computer, cellular telephone, or other Internet-capable device in connection with a sex offense, the defendant may use a computer, cellular telephone, or other Internet-capable device provided the defendant complies with the Computer Monitoring Program authorizing the probation office to identify, monitor, access and seize any such devices under the defendant's control.

9. The defendant must immediately disclose to the probation officer all computer device(s), cellular telephone(s), or Internet-capable devices to which the defendant has access.

10. The defendant shall not purchase, possess, or use any camera or video recording devices without the approval of the probation officer.

11. The defendant shall participate in the Computer Monitoring Program adopted by this court and comply with all of the conditions in the program's Participant Agreement. The defendant shall allow monitoring software/hardware to be installed on each computer, electronic communication device, or other Internet-capable device the defendant has access to at the defendant's expense.

12. The defendant shall allow the probation officer to monitor his or her computer activities at any time, with or without suspicion that they have violated their conditions of supervision, in the lawful discharge of the officer's duties. The defendant shall allow the probation officer to seize his or her devices and storage media for further analysis by law enforcement or the probation office, if the probation officer has reasonable suspicion that the defendant has or is about to engage in unlawful conduct or violate a condition of supervision.

13. The defendant shall submit to search and seizure of his or her computer, as defined in 18 U.S.C. § 1030(e)(1), electronic communication devices, data storage devices, or other Internet-capable devices. This may include the retrieval and copying of all data. The defendant should warn any other residents or occupants that the premises or vehicles in which the defendant may be located could be subject to search pursuant to this condition.

14. The defendant shall not possess, view or otherwise use any child pornography as defined in 18 U.S.C. § 2256(8).

15. The defendant shall not knowingly enter, or knowingly remain in, any location where materials depicting or describing "child pornography" can be accessed, obtained or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

16. The defendant's employment shall be approved by the probation officer. Any proposed change in employment must be provided to the probation officer at least 10 days prior to the change and must be approved before the change may take place.

17. The defendant shall not reside or linger within 100 feet of any park, school property, playground, arcade, amusement park, day care center, swimming pool, community recreation field, zoo, youth center, carnival, circus, or other places that are primarily used or can reasonably be expected to be used by minors, without prior permission of the probation officer.

18. The defendant shall notify employers, family members, and others with whom the defendant has regular contact of the defendant's sex offender conditions and that the defendant is under supervision by the probation officer.

Name of Offender: Jeffrey Allen Patch   Case Number: 3:04CR00032-001

## CAUSE

The defendant's conditions are modified to reflect compliance with the Standing Order of July 26, 2018, relevant to cases involving sex offenses and to coincide with the defendant's offense conduct and previous conditions of supervision.

Respectfully submitted,

by _____
Brittany L. Warren
U.S. Probation Officer
Date: September 4, 2018

---

THE COURT ORDERS:
[ ] No Action
[ ] The Extension of Supervision as Noted Above
[✓] The Modifications of Conditions as Noted Above
[ ] Other

_____
Signature of Judicial Officer

9/20/18
Date